IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HELEN CORDELLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:01cv253-VPM |
| | )[WO] | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION

This matter is before the court on Plaintiff's First Motion for Attorney Fees (Doc. #
29) pursuant to the Equal Access to Justice Act ["EAJA"].  28 U.S.C. § 2412 (2004).  The
defendant ["Commissioner"] filed an untimely objection, which the court has not considered
due to the Commissioner's failure to adequately explain the delay (Docs. ## 34, 35).  For the
reasons stated herein, the motion is granted in part.

## DISCUSSION

On 28 April 2005, the court entered an order reversing and remanding a final decision
of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) (2004) (Doc. # 29).
Thus, the plaintiff is the prevailing party, and the court finds that the government's position
was not substantially justified.  In addition, the plaintiff's application for fees, which was
filed within thirty days after the deadline for appealing the court's judgment, was timely.  All

that remains for the court to consider is the amount to award.  28 U.S.C. § 2412(d) (2004).

### A.      *The Appropriate Hourly Rate*

The EAJA establishes a fee cap of $125 per hour, which the court may adjust upward to account for inflation or other "special factor[s]".  *Id.* at § 2412(d)(2)(A).  To determine the appropriate amount, courts in the Eleventh Circuit must engage in a two-step analysis. ***Meyer v. Sullivan***, 958 F.2d 1029, 1033 (11th Cir. 1992).  First, the court must determine whether "prevailing market rates for the kind and quality of the services furnished" exceeds the $125 cap.  *Id.*  If so, the court may determine whether an upward adjustment is necessary.

Plaintiff's counsel, Georgia H. Ludlum, Esq. ["Ludlum"], has submitted only a declaration contending that the hourly fee she is seeking ($147) is "within the range of customary fees charged in Montgomery, Alabama, for representing clients in this type of case" (Doc. # 31, p. 3).  Without commenting on the sufficiency of this declaration as evidence of the prevailing market rate, the court takes judicial notice of opinions that have approved similar fees in this area for representing claimants in similar cases.  *See*, *e.g.*, ***East v. Barnhart***, 377 F. Supp. 2d 1170 (M.D. Ala. 2005) ($151.13); ***Thornton v. Barnhart***, No. 03cv683 (M.D. Ala. May 3, 2005) ($191); ***Ballard v. Barnhart***, 329 F. Supp. 2d 1278 (N.D. Ala. 2004) ($147.63).  Therefore, the hourly fee sought is reasonable, inasmuch as it does not exceed the *prevailing market rate* in this area.

However, because the rate sought exceeds the EAJA fee cap, the court must next determine whether an upward adjustment is justified.

No special factors have been alleged, but the court finds that the increase in the cost of living since the EAJA was amended in 1996 to raise the fee cap to $125 merits an inflationary adjustment.  In calculating the appropriate adjustment, however, the court must avoid imposing an impermissible interest charge on the United States.  *See **Library of Congress v. Shaw***, 478 U.S. 310, 106 S. Ct. 2957, 92 L. Ed. 2d 250 (1986) (discussing the no-interest rule); ***Sorenson v. Mink***, 239 F.3d 1140, 1148-49 (9th Cir. 2001) (holding that the EAJA's allowance for an inflationary adjustment was not an express waiver of sovereign immunity from interest charges); ***Kerin v. U.S. Postal Svc.***, 218 F.3d 185, 194 (2d Cir. 2000) (same); ***Masonry Masters, Inc. v. Nelson***, 105 F.3d 708, 710-714 (D.C. Cir. 1997) (same); ***Marcus v. Shalala***, 17 F.3d 1033, 1038-40 (7th Cir. 1994) (same); ***Perales v. Casillas***, 950 F.2d 1066 (5th Cir. 1992); ***Chiu v. U.S.***, 948 F.2d 711, 719-22 (Fed. Cir. 1991); *see also **U.S. v. Aisenberg***, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004).

The hourly fee that the plaintiff, through Ludlum, has requested reflects a base rate of $125 per hour with an adjustment based on the Consumer Price Index ["CPI"] for All Urban Consumers in March 2003, approximately 19 months after Ludlum began representing the plaintiff (Doc. # 31, p. 2) (stating that Ludlum's office has been representing the plaintiff since July 2001).  Ludlum fails to explain why the CPI for March 2003 is the appropriate basis for the inflationary adjustment, and the court concludes that awarding fees based on the CPI in March 2003 when Ludlum began providing services in July 2001 would be tantamount to charging the United States interest.  *See **East***, 377 F. Supp. 2d at 1176-77 (concluding that the inflationary adjustment should be based on the CPI for the month in

which counsel began accounting for his or her services in a particular case).

Applying the rationale adopted in **East**, the court bases the inflationary adjustment on the CPI for July 2001, which was 175.8, representing a 12 % increase from the CPI for 1996, when the EAJA was reenacted.  Thus, the appropriate hourly rate, adjusted for inflation, is $140.

**B.      Ludlum's Schedule of Hours**

> Fee applicants must exercise what the Supreme Court has termed "billing judgment." **Hensley v. Eckerhart**, 461 U.S. 424, 434 (1983).  That means they must exclude from their fee applications "excessive, redundant, or otherwise unnecessary [hours]," *id.*, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." **Norman [v. Housing Auth. of Montgomery]**, 836 F.2d [1292,] 1301 (emphasis in original). . . .

> If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are "excessive, redundant, or otherwise unnecessary." Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.

**Am. Civil Liberties Union of Ga. v. Barnes**, 168 F.3d 423, 428 (11th Cir. 1999) (parallel citations omitted).

In support of the fee petition, Ludlum submitted a "Schedule of Hours" detailing the 25.5 hours she claims she spent on all of the tasks associated with this case.  Ludlum's accounting demonstrates that she did not sufficiently exercise billing judgment.

4

The court finds the following expenditures of time for reviewing various documents to be excessive:

- .25 hours for receipt and review of each of the following:

  - court's standard scheduling order (Doc. # 3);

  - Commissioner's one-paragraph motion for an extension of time of which Ludlum had been informed and to which Ludlum did not object (Doc. # 10);

  - court's order granting the motion for an extension of time (Doc. # 11);

  - Commissioner's standard motion to remand to complete the record (Doc. # 12);

  - court's three-sentence order granting remand (Doc. # 14);

  - Commissioner's one-paragraph motion to reopen the case (Doc. # 15);

  - court's four-sentence order reopening the case and setting the briefing deadlines (Doc. # 19);

  - Commissioner's four-sentence motion for an extension of time of which Ludlum was already informed and to which she did not object (Doc. # 21);

  - court's order granting the Commissioner's motion for an extension of time (Doc. # 23)

  - court's three-sentence order granting Commissioner's second motion to remand (Doc. # 28).

- .75 hours for receipt and review of the Commissioner's second motion to remand, which was one sentence, and boilerplate memorandum in support of the motion, which memorandum was one full page in length, double-spaced.

The court finds that receipt and review of the documents Ludlum claims required 15 minutes each should have taken no more than 3 minutes.[1]  Therefore, the court will allow for a charge only of .05 hours for each.

Similarly, the court finds that receipt and review of the Commissioner's second motion to remand as well as her memorandum in support of the motion should have taken no more than 12 minutes and likely considerably less.  Therefore, the court reduces the time charged to .2 hours combined.  The court also reduces the amount of time Ludlum charged for preparing a one-sentence response declining to object to the motion.  The time of .5 hours is reduced to .1 hours.  In addition, the court finds that .5 hours to prepare a two-sentence motion to substitute counsel (Doc. # 16) is excessive as is a .25 hours charge for preparing a form consent to the exercise of jurisdiction by a Magistrate Judge (Doc. # 6).  In generous consideration of counsels' time, the motion to substitute counsel should have taken no more

---

[1] The court reviewed all but one of the documents in less than two minutes each, and most of those in less than one minute.  The court's standard scheduling order is considerably longer than the other documents, but, with the exception of the deadline established for the Commissioner to answer the complaint, this document is identical in every case of this type filed with this court.  Ludlum states that "[o]ne of [her] primary areas of practice is Social Security law, rules and regulations" and that she has "participated as an attorney of record in several cases involving litigation in Federal Court, including cases seeking judicial review of the denial of Social Security disability and/or Supplemental Security Income Benefits" (Doc. # 31, p. 1).  Her experience belies any notion that reviewing the standard scheduling order for the necessary information would have   - or should have -   taken her more than three minutes.  *See also* ***Depriest v. Massanari***, No. CA00-0535-BH-C, 2001 WL 530478 at 3-5 (S.D. Ala. 2001) (reducing numerous charges similar in nature to those before the court in the instant case).

than 12 minutes.  Therefore, the court reduces the time charged for the motion to .2 hours.[2]

The form consent should have taken no more than three minutes to prepare, and the court

reduces the time charged for this task to .05 hours.[3]

Finally, the court will not allow Ludlum to charge for the time she spent preparing a

motion for an extension of time or reviewing the court's order granting the motion (Docs. ##

17, 18).  In her motion, Ludlum attributes her need for the extension to the fact that she had

"several briefs due at the same time and" did not have "adequate time to properly prepare the

brief in support of this claim" (Doc. # 17).  Neither Ludlum's client nor the government

should be required to pay for Ludlum's choice to overburden herself with work.

Reduced in accordance with the court's findings, the total number of hours for which

the court will award fees at the hourly rate of $140 is 20.8 for a total award of $2,912.


## CONCLUSION

Accordingly, it is the ORDER, JUDGMENT, and DECREE of this court that the

plaintiff's motion be GRANTED in the amount of $2,912.

---

[2]Ludlum also documents an additional .5 hours for a second motion to substitute counsel (Doc. # 31, p. 2).  This appears to have been an error because only one motion was docketed and considered by the court (Docs. ## 16, 24).  Therefore, the court will reduce the time charged accordingly.

[3]The court is mindful that "preparation" of a pleading is at least a two-stage process.  First, counsel must draft or dictate the document, then office personnel may take additional time in final preparation, e-filing, mailing, or delivery.  Ludlum is reminded, however, that the court awards attorney fees for *attorney time*, not clerical or other office assistance.  Thus, only the time actually spent by the attorney is appropriately compensable.

DONE this 14th  day of June, 2006.


                                  /s/ Vanzetta Penn McPherson
                                  VANZETTA PENN MCPHERSON
                                  UNITED STATES MAGISTRATE JUDGE